FILED'08 JUN 12 14:10USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

FREDRICK L. KNIGHT,                                    CV. 04-1607-AC

              Petitioner,              FINDINGS AND RECOMMENDATION

     v.

BRIAN BELLEQUE,

              Respondent.


     PER C. OLSON,
     HOEVET BOISE & OLSON, P.C.
     1000. S.W. Broadway, Suite 1500
     Portland, OR   97205

         Attorney for Petitioner


     HARDY MYERS
     Attorney General
     WARD D. MARSHALL
     Assistant Attorney General
     Oregon Department of Justice
     1162 court Street, NE
     Salem, OR   97301

         Attorneys for Respondent



1 - FINDINGS AND RECOMMENDATION

ACOSTA, Magistrate Judge.

Petitioner, an inmate at Oregon State Penitentiary, brings this habeas corpus action pursuant to 28 U.S.C. § 2254. Petitioner challenges his convictions on the basis of ineffective assistance of trial and appellate counsel. For the reasons set forth below, the Amended Petition for Writ of Habeas Corpus (#20) and the Second Supplemental Petition for Writ of Habeas Corpus (#45) should be denied and this proceeding dismissed, with prejudice.

## BACKGROUND

Following a jury trial, Petitioner was convicted of Felony Murder (two counts), Burglary I, Robbery I, and Assault II. Petitioner was sentenced to 30 years imprisonment with a 25-year minimum on the Felony Murder convictions, to concurrent 130-month terms of imprisonment on the Burglary and the Robbery convictions, and to a consecutive 36-month term of imprisonment on the Assault conviction.

Petitioner directly appealed his convictions, but the Oregon Court of Appeals affirmed without opinion, *State v. Knight*, 157 Or.App. 723 (1998), and the Oregon Supreme Court denied review, 328 Or. 464 (1999). Petitioner filed for post-conviction relief (PCR), but the PCR trial court denied relief on Petitioner's second amended petition. On appeal, the Oregon Court of Appeals affirmed without opinion, *Knight v. Palmateer*, 191 Or.App. 148 (2003), and the Oregon Supreme Court denied review, 336 Or. 657 (2004).

In the instant petition, Petitioner raises the following grounds for relief:

(1) Trial counsel provided ineffective assistance of counsel by failing to adequately object to the "natural and probable" language within the aid and abet instruction, and counsel failed to request relief based upon inconsistent jury verdicts;

(2) Trial counsel provided ineffective assistance of counsel by failing to interview and call as a witness Victor Walking Eagle who would have provided exculpatory testimony about [Petitioner's] alleged involvement in the offenses;

(3) Appellate counsel provided ineffective assistance of counsel by failing to appeal the trial court's jury instruction regarding the "natural and probable" consequences language within the aid and abet jury instruction.

(Petr.'s Second Supplemental Petition, docket # 45, 1.)  Respondent contends that Grounds One and Two are procedurally defaulted because they were not fairly presented to Oregon's highest court in Petitioner's appeals of the PCR trial court decision, and the time for doing so has passed.

## DISCUSSION

### I.  Procedurally Defaulted Claims

Before a federal court may consider granting habeas corpus relief, a state prisoner must have exhausted all available state court remedies either on direct appeal or through collateral proceedings.  See 28 U.S.C. § 2254 (b)(1); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999) (state courts must have an opportunity to act on claims before they are presented in a habeas petition).  A state prisoner satisfies the exhaustion requirement by fairly

3 - FINDINGS AND RECOMMENDATION

presenting his claims to the appropriate state courts at all appellate stages afforded under state law. *Baldwin v.* Reese, 541 U.S. 27, 29 (2004); *Casey v. Moore*, 386 F.3d 896, 915-16 (9th Cir. 2004); *Castillo v. McFadden*, 370 F.3d 882, 886 (9th Cir. 2004). A claim is fairly presented when the state court is apprised of the facts and legal theory upon which the claim is premised. *Insyxiengmay v. Morgan*, 403 F.3d 657, 668 (9th Cir. 2005); *Weaver v. Thompson*, 197 F.3d 359, 364 (9th Cir. 1999). In Oregon, the Oregon Supreme Court is the highest state court with jurisdiction to hear post-conviction claims in satisfaction of the exhaustion requirement. *See* Or. Rev. Stat. 138.650 (2005).

A state prisoner procedurally defaults federal claims if he fails to raise them as federal claims in state court or is barred from doing so under applicable state procedural rules. *O'Sullivan*, 526 U.S. at 848; *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Federal habeas review of procedurally defaulted claims is precluded unless the prisoner can show both "cause" for the procedural default and actual prejudice, or the prisoner demonstrates that failure to consider the claims will result in a fundamental miscarriage of justice. *Edwards v. Carpenter,* 529 U.S. 446, 451 (2000); *Coleman*, 501 U.S. at 750.

A.   Ground One

Respondent contends Petitioner did not raise Ground One in his Second Amended Petition for Post-Conviction Relief, or in the PCR

4 - FINDINGS AND RECOMMENDATION

appeals and, accordingly, it was not presented to the Oregon Supreme Court as required for exhaustion of state remedies. This court agrees only in part.

As presented, Ground One consists of two alleged errors by trial counsel: "Trial counsel provided ineffective assistance of counsel by failing to adequately object to the 'natural and probable' language within the aid and abet instruction, **and** counsel failed to request relief based upon inconsistent jury verdicts[.]" (Petr.'s Second Supplemental Petition, docket # 45, 1) (emphasis added). The error as to counsel failing to adequately object to the 'natural and probable' language within the aid and abet instruction was presented in state court as PCR claim #10, was exhausted, and is addressed on the merits below. (Respt.'s Ex. 108, 4; Respt.'s Ex. 130, 28-29; Respt.'s Ex. 133, 11-13.) The error as to counsel failing to request relief based upon inconsistent jury verdicts was not articulated in claim #10 of Petitioner's PCR appeals, or in another claim, and, therefore, was not exhausted in state court.

Claims of ineffective assistance of counsel require that the petitioner present specific acts or omissions to show counsel's representation fell below an objective standard of reasonableness and that he was prejudiced as a result. *Strickland v. Washington*, 466 U.S. 668, 690 (1984.) Failing to object to jury instructions, the error presented in the first clause of Ground One, and failing

5 - FINDINGS AND RECOMMENDATION

to challenge inconsistent jury verdicts, the error presented in the second clause of Ground One, distinctly different claims. Petitioner's expressly stated claim and supporting arguments alleging counsel's failure to object to the aid and abet instruction did not apprise the state appellate courts of the factual and legal basis for Petitioner's discrete claim that trial counsel was ineffective for failing to object to inconsistent verdicts.

Petitioner is correct that the issue of inconsistent verdicts was discussed in PCR trial memoranda and letters from the PCR trial court, including its opinion letter. (Respt.'s Exs. 124, 125, 127.) The PCR trial judge, in fact, stated "my major concern is this 10-2, 12-0 business." (Respt.'s Ex. 123, 42.) However, the issue of inconsistent verdicts was discussed in the context of Petitioner's claim #10, specifying that counsel was inadequate for failing to object to the aid and abet instruction, not in the context of a claim that counsel was inadequate for failing to challenge inconsistent jury verdict, a markedly different theory independent of the aid and abet argument.

In any event, Petitioner's appellate memoranda did not raise as error counsel's failure to object to inconsistent verdicts or include arguments addressing this alleged failure. (Respt.'s Ex. 130, 28-30; Respt.'s Ex. 133, 11-13.) Accordingly, this court finds that Petitioner did not present the claim that counsel failed

to object to inconsistent verdicts to Oregon's highest court and, thus, failed to exhaust state remedies.

Because Petitioner cannot again seek state post-conviction relief, *see* Or. Rev. Stat. 138.550 (3) (2005), his claim that counsel was ineffective for failing to object to an inconsistent verdict is procedurally defaulted. Petitioner has made no showing of cause and prejudice to excuse his procedural default, or shown that a fundamental miscarriage of justice will result if the claim is not considered. Therefore, habeas relief as to the claim in the second clause of Ground One is precluded.

B. Ground Two

Petitioner alleges trial counsel provided ineffective assistance of counsel by failing to interview and call as a witness Victor Walking Eagle. Respondent contends that although Petitioner raised counsel's failure to call this witness in his Second Amended Petition for Post-Conviction Relief, Petitioner did not raise the claim in his appeals of the PCR decision as required for exhaustion of state remedies. (Respt.'s Mem., docket #57, 3.) Petitioner concedes Victor Walking Eagle's name does not appear in his appellate briefs, but argues that because appellate courts had the PCR trial record the claim as to Victor Walking Eagle was before the appellate courts and properly exhausted. (Petr.'s Reply Mem., docket #63, 2.) I disagree.

Claims of ineffective assistance of counsel require that a petitioner present specific acts or omissions to show counsel's

7 - FINDINGS AND RECOMMENDATION

representation fell below an objective standard of reasonableness and that he was prejudiced as a result.  Petitioner's Second Amended Petition for Post Conviction Relief states generally that counsel "failed to call witnesses that would have aided in Petitioner's defense."  (Respt.'s Ex. 108, 4.)  Petitioner's revised PCR memorandum then specifies the names of witnesses that Petitioner felt should have been called on his behalf, and why their testimony was important to his defense.  (Respt.'s Ex. 117, 15-17.)  Petitioner also described uncalled witnesses during his deposition, and stated how their testimony would have been helpful. (Respt.'s Ex. 120, 19-35.)  Although Victor Walking Eagle was not mentioned as an uncalled witness in either Petitioner's PCR trial memorandum or his deposition testimony, Petitioner did include an affidavit from Victor Walking Eagle as an exhibit in the PCR trial proceeding. (Respt.'s Ex. 116.)

Assuming this affidavit was sufficient to fairly present the claim to the PCR trial court - and such an assumption would strain the specificity standard's limit - presenting the affidavit to the PCR trial court, nonetheless, did not serve to present the claim to the state appellate courts.  Appellate courts are not required to go beyond the appellate petition or brief to discern the factual predicates of a Petitioner's federal claim.  *See Baldwin*, 541 U.S. at 32-33.  Petitioner's appellate memoranda did not claim Victor Walking Eagle was an uncalled witness, or that Petitioner was prejudiced by his not being called, or reference his affidavit.

8 - FINDINGS AND RECOMMENDATION

(Respt.'s Ex. 130, 19-20; Respt.'s Ex. 133, 3-5.) Accordingly, this court finds Petitioner's claim that trial counsel was ineffective for failing to call Victor Walking Eagle as a witness was not presented to the state appellate courts and, thus, was not exhausted.

Because Petitioner cannot again seek state post-conviction relief, *see* Or. Rev. Stat. 138.550 (3) (2005), Ground Two is procedurally defaulted. Petitioner has made no showing of cause and prejudice to excuse his procedural default, or that a fundamental miscarriage of justice will result if the claim is not considered, and, therefore, habeas relief as to this claim is precluded.

## II.  The Merits

### A.  Standards

A habeas petitioner whose claim was adjudicated on the merits in state court is not entitled to relief in federal court unless he demonstrates that the state court's adjudication:

> "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

28 U.S.C. § 2254(d). In *Williams v. Taylor*, 529 U.S. 362, 386-89 (2000), the Supreme Court construed this provision as requiring federal habeas courts to be highly deferential to the state court

9 - FINDINGS AND RECOMMENDATION

decisions under review.  "We all agree that state court judgments must be upheld unless, after the closest examination of the state court judgment, a federal court is firmly convinced that a federal constitutional right has been violated."  *Id.* at 389.

A state court decision is "contrary to" clearly established federal law if it is "in conflict with", "opposite to" or "diametrically different from" Supreme Court precedent.  *Williams,* 529 U.S. at 388.  An "unreasonable application" of clearly established Supreme Court law occurs when "the state court identifies the correct governing legal principle . . . but unreasonably applies that principle to the facts of the . . . case."  *Lambert v. Blodgett,* 393 F.3d 943, 974 (9th Cir. 2004) *cert. denied,* 126 S. Ct. 484 (2005)(citing *Williams,* 529 U.S. at 413).  "'Clearly established Federal law' is the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision."  *Lambert,* 393 F.3d at 974.

The last reasoned decision by the state court is the basis for review by the federal court.  *See Ylst v. Nunnemaker,* 501 U.S. 797, 803-04 (1991); *Franklin v. Johnson,* 290 F.3d 1223, 1233 n. 3 (9th Cir. 2002).  The decision of the state PCR trial court is the basis for review in the instant proceeding.

In reviewing a state court decision, "[A] federal court may not second-guess a state court's fact-finding process unless, after review of the state-court record, it determines that the state

10 - FINDINGS AND RECOMMENDATION

court was not merely wrong, but actually unreasonable." *Taylor v. Maddox*, 366 F. 3d 992, 999 (9th Cir. 2004).    This is a standard that will be met in few cases.  *Id.* at 1000.  When unchallenged, State court determinations of factual issues "shall be presumed to be correct."   28 U.S.C. §2254(e)(1); *Miller-el v. Cockrell*, 537 U.S. 322, 340 (2003).   A Petitioner may rebut the presumption of correctness with clear and convincing evidence.   *Id.*

The principles articulated in *Strickland v. Washington*, 466 U.S. 668 (1984), govern claims of ineffective assistance of counsel.   A federal claim of ineffective assistance of counsel requires the petitioner to prove his counsel's performance fell below an objective standard of reasonableness and that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Bell v. Cone*, 535 U.S. 685, 695 (2002); *Williams*, 529 U.S. at 390-91; *Strickland*, 466 U.S. at 687-88.   A petitioner's failure to prove either the performance prong or the prejudice prong will cause the claim to fail.    *Strickland*, 466 U.S. at 697.    The principles in *Strickland* also govern claims of ineffective assistance of appellate counsel.    *Smith v. Murray*, 477 U.S. 527, 535-36 (1986) (applying *Strickland* to appellate counsel).

B.    Ground One

In the first clause of Ground One, Petitioner alleges ineffective assistance of counsel when trial counsel failed to

adequately object to the "natural and probable" language within the
aid and abet instruction.    The PCR trial court considered and
rejected this claim.    Federal habeas relief is available only if
Petitioner shows the state court decision to deny relief was
contrary to or an unreasonable application of *Strickland*.

The state PCR trial court made the following pertinent factual
determinations with respect to the aid and abet instruction:

> \* \* \*
>
> Petitioner refers to the "natural and probable
> consequences - instruction" and refers to Tr. 1489-1496
> in his memorandum.    Those pages of the transcript do
> refer to the Felony Murder Instruction.    The Court
> understands that Petitioner's reference is intended to be
> Uniform Jury Instruction 1050 "Aider/Abettor - Liability
> for Probable Consequences" instruction which is located
> at Tr. 1481-1482.
>
> \* \* \*
>
> Likewise, if Petitioner's claim is directed at the
> re-instruction on aiding and abetting (Tr. 1535), (see
> discussion at Tr. 1507-1522 and 1535) the same result is
> obtained.
>
> Petitioner contends that the instruction somehow
> required that he be found guilty of felony Murder if the
> jury found him guilty of Robbery:
>
> > "This instruction violated the "element" of
> > unanimity because the rule mandated to the
> > jury that if they found Petitioner guilty of
> > the Robbery, they must then find him guilty of
> > Felony Murder."  (Petitioner's Memorandum pg.
> > 28, lines 4-7.)
>
> Trial counsel testified in effect that the reading
> of the natural and probable consequence instruction
> troubled him greatly.  Apparently the best Petitioner can
> do is:

"Petitioner believes that with adequate instruction, Petitioner would not have been convicted of Felony Murder because the vote would not have been unanimous..." (Petitioner's Memorandum pg. 28, lines 14-16.)

**Petitioner does not claim what instruction would have been proper. Petitioner does not argue that UCrJI 1050 is not the law. Petitioner does not adequately distinguish the law in St[ate] v. Thompson. Petitioner only claims that he <u>believes</u> that the result might have been different with different instructions.** The test is whether the act (or failure) has a tendency to affect the outcome.

**I determine that the instruction referred to is not a misstatement of the law and did not logically lead to an improper verdict. *State v. Thompson* holds that a 12-0 guilty verdict on felony Murder is not inconsistent with a 10-2 guilty verdicts [sic] on the felony.** Thus, there is no evidence that any wrong had any tendency to affect the outcome of the case.

* * *

(Respt.'s Ex. 127, 3-5) (emphasis added). On habeas review, these factual determinations are presumed to be correct. 28 U.S.C. § 2254(e)(1). Petitioner may overcome this presumption by presenting clear and convincing evidence to the contrary, but he has not done so.

Petitioner argues the PCR court's reliance on *State v. Thompson* is inapposite and renews his arguments that the jury instruction was flawed and led to inconsistent jury verdicts. He has not, however, presented clear and convincing evidence that other instruction would have been proper or that he argued UCrJI 1050 was not the law. Nor does Petitioner show the jury instruction in question was a misstatement of the law.

13 - FINDINGS AND RECOMMENDATION

In light of the PCR trial court's factual determinations, it was neither contrary to nor an unreasonable application of *Strickland* for the PCR court to deny relief on Petitioner's claim that trial counsel's representation was deficient when he failed to adequately object the aid and abet instruction. Accordingly, the state PCR court's decision is entitled to deference under 28 U.S.C. § 2254(d), and Petitioner is not entitled to habeas corpus relief in this court.

C.    Ground Three

Petitioner claims appellate counsel provided ineffective assistance of counsel by failing to appeal the trial court's jury instruction regarding the "natural and probable" consequences language within the aid and abet jury instruction. The PCR trial court considered this claim and rejected it. (Respt.'s Ex. 127, 5.)

To prevail on his claim, Petitioner had to show that appellate counsel was objectively unreasonable in failing to appeal the trial court's jury instruction regarding the "natural and probable" consequences language within the aid and abet jury instruction, and that there was a reasonable probability he would have prevailed on appeal. *See Smith v. Robbins*, 528 U.S. 259, 285 (2000). In his PCR memoranda Petitioner argued:

> The natural and probable consequences of the jury instruction were adequately preserved in the record. Because the jury instructions unduly prejudiced Petitioner, his appellate counsel should have raised this

14 - FINDINGS AND RECOMMENDATION

issue on appeal.  Effective appellate counsel would have recognized that relationship between the jury instructions, the jury's questions and the breakdown of the votes.  If appellate counsel had adequately shown that Petitioner's rights were violated when the jury instruction was given the *Guinn* test [for deficient appellate representation] would have been met.[1]

(Respt.'s Ex. 109, 59-60; Respt.'s Ex. 117, 61.)  Petitioner offered nothing further to support his claim.  The State, however, offered appellate counsel's affidavit as evidence Petitioner was not entitled to relief.  Appellate counsel's affidavit specified he could not recall "whether I omitted a challenge to that instruction because it was inadequately preserved or because I thought the substantive issue lacked any reasonable chance for success on appeal."  (Respt.'s Ex. 121, 2.)  The PCR trial court adopted the law and facts in the State's PCR trial memo, with the finding that appellate counsel's affidavit showed Petitioner was not entitled to relief.  (Respt.'s Ex. 127, 5; Respt.'s Ex. 118, 18.)

Appellate advocacy requires counsel to use professional judgment in determining the claims to present.  *See Smith*, 477 U.S. at 536.  Petitioner had the burden of showing appellate counsel's failure to appeal the jury instruction was objectively unreasonable and that there was a reasonable probability he would have succeeded

---

[1]Under *Guinn v. Cupp*, 304 Or 488 (1987), the adequacy of appellate counsel's representation is determined by considering: 1) Could the issue have been raised on the first appeal?  2) Should the issue have been raised, or would competent appellate counsel have asserted the issue?; and 3) If the claim had been raised on the first appeal, would it be more probable than not that the result would have been different?

15 - FINDINGS AND RECOMMENDATION

on this claim.  The PCR trial record shows Petitioner did not do so.  Therefore, it was neither contrary to nor an unreasonable application of *Strickland* for the PCR trial court to credit appellate counsel's affidavit and deny Petitioner relief. Accordingly, the state PCR court's decision is entitled to deference under 28 U.S.C. § 2254(d), and Petitioner is not entitled to habeas corpus relief in this court.

**CONCLUSION**

Based on the foregoing, Petitioner's Amended Petition for Writ of Habeas Corpus (#20) and Supplemental Amended Petition (#45) should be denied and this proceeding dismissed, with prejudice.

**SCHEDULING ORDER**

The above Findings and Recommendation are referred to a United States District Judge for review.  Objections, if any, are due June 26, 2008.  If no objections are filed, the Findings and Recommendation will go under advisement on that date.

If objections are filed, any party may file a response within fourteen days after the date the objections are filed.  Review of the Findings and Recommendation will go under advisement when the response is due or filed, whichever date is earlier.

DATED this 12th day of June, 2008.

John V. Acosta
United States Magistrate Judge

16 - FINDINGS AND RECOMMENDATION